(88 South. 362)

WEAVER v. STATE. (7 Div. 710.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

Statutes ⬦255—Penal statute not providing when taking effect not operative till after 60 days from approval, and conviction void for acts within that time.

The act making it an offense to manufacture, sell, give, or possess apparatus to be used in manufacturing prohibited liquors (Laws 1919, p. 1086), not containing any special provision as to when it should take effect, therefore, under Code 1907, § 7805, did not become operative till expiration of 60 days after its approval, and there could be no conviction for acts committed within such period.

Appeal from Circuit Court, Cherokee County; W. W. Harralson, Judge.

Ben Weaver was convicted of violation of the act relative to apparatus for manufacturing prohibited liquors, and he appeals. Reversed and rendered.

Hugh Reed, of Center, for appellant.

The only statute applicable to the offense charged is the act approved September 20, 1919, and the only evidence in the case concerning the offense shows it to have been committed, if at all, in October, 1919. The statute does not provide when it shall become effective, and it is therefore governed by section 7805, Code 1907. It appears, therefore, that defendant was entitled to his discharge. Section 7, Const. 1901; 51 Ala. 410; 88 Ala. 84, 7 South. 101; 101 Ala. 367, 13 South. 564; 158 Ala. 44, 48 South. 505.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel admit that under the facts the affirmative charge for the defendant should have been given.

BRICKEN, P. J. The defendant was indicted and convicted for a violation of an act of the Legislature (Laws 1919, p. 1086) the title of which reads:

"To further suppress the evils of intemperance to prohibit the manufacture, sale, giving away or having in possession any still, apparatus, appliance, or any device or substitute therefor to be used in the manufacture of prohibited liquors and beverages."

This act was approved September 30, 1919. The act contained no special provision as to when it should take effect; therefore under the provisions of section 7805, Code 1907, it being a penal statute, this act did not become operative or take effect until November 30, 1919, or, in other words, until 60 days after its approval.

The undisputed evidence in this case shows that the alleged offense of this defendant, if committed at all, was committed during the month of October, 1919, and before the expiration of the 60 days after the approval of the act in question. No other inference could be drawn from the testimony.

The court therefore fell into error in holding that the act was in effect before the expiration of the 60 days after its approval.

The affirmative charge should have been given in behalf of the defendant, and for the error in refusing this charge the judgment of conviction appealed from is reversed, and, as the defendant cannot be convicted under the evidence of the charge contained in this indictment, a judgment will here be rendered discharging the defendant from further custody in this behalf.

In view of the judgment here rendered

⬦For other cases see same topic and KEY NUMBER in all Key-Numbered Digests and Indexes

there appears no necessity of discussing or passing upon the numerous questions presented on this appeal.

Reversed and rendered.